## D. W. SANDERS, ETC., v. NICHOLAS B. DOUGLAS.

**Judicial Sale—Restriction of Power to Sell Under Will.**

Appellant purchased the land at judicial sale, not for himself but as trustee for S., who was restrained from selling the land by the will of her mother.

Held, that the judgment and confirmation of the sale, nor the purchase by appellant, will operate to remove or affect said restriction on the power of sale.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

February 12, 1872.

OPINION OF THE COURT BY JUDGE HARDIN:

Whatever may have been the object of Stewart and wife, in the personal action against them, in aiding the petitioner by their answer in suggestion the liability of the land to the plaintiffs' claim and in apparently co-operating in procuring the judgment of sale, which was rendered March 1, 1867, the right of appeal from that judgment was barred by limitation, when this appeal was taken, and the plea to that effect is sustained; and as between the parties as they now stand before this court, we can perceive no cause for reversing the case. We deem it proper to say, however, that as it is suggested by the appellant in his response to the rule against him as purchaser, that he made the purchase not for himself, but as trustee for Mrs. Addie B. Stewart, who was restrained from selling the land by the will of her mother, Mrs. T——, we do not understand the judgment of confirmation as decided—nor do we now decide that this proceeding or the purchase of the appellant will operate to remove or affect said restriction on the power of sale and conveyance, either by Stuart and wife or the appellant as trustee.

Wherefore, the judgment is *affirmed*.

*Barnett, Edwards & Harding, for appellant.*

*Kinkead, for appellee.*